KEATON et al. v. SHIFLETT, Adm'r.

No. 31825.   Oct. 23, 1945.

*162 P. 2d 877.*

M. A. Dennis, of Okmulgee, for plaintiffs in error.

H. S. Samples, of Okmulgee, for defendant in error.

RILEY, J. This is an appeal from an order denying a motion to discharge a receiver. W. S. Shiflett, as administrator of the estate of W. S. Thetford, deceased, as plaintiff in the trial court, instituted proceedings in aid of execution against defendants J. B. Keaton and C. D. Gold. In compliance with an order of the trial court, defendants Keaton and Gold appeared and answered concerning their property and assets. Upon an oral request for the appointment of a receiver for the property of defendants, the court, in the absence of a finding that defendants owned any property or assets, appointed John Lenox. sheriff of Okmulgee county, receiver, pursuant to 12 O. S. 1941 §§ 852, 854.

Thereafter, defendants filed a motion to discharge the receiver, wherein it was alleged that the defendants owned no property subject to a receiver's possession. At a hearing upon the motion, in addition to a showing that an alias execution issued November 2, 1943, upon the judgment rendered against defendants in 1934 had been returned "no property found on which to levy," the defendants, and each of them, testified that they had been adjudicated

bankrupts; that they had not been discharged therefrom; that neither had acquired any property since the respective adjudications in bankruptcy. There was no contradictory evidence; there was no showing that either of the defendants concealed or anticipated receipt of any property or assets.

No part of the record evidence before the trial court at the time of the receiver's appointment was made a part of the record in this case.

The authorities seem to agree upon the point that where no property has been discovered of which a receiver could take possession, a receiver should not be appointed. It is equally well agreed that when the reason for a receiver has ceased to exist, the receiver should be discharged upon proper application. 53 C.J. 88; Wagoner Oil & Gas Co. v. Marlow, 137 Okla. 116, 278 P. 294.

In Stark v. Baldwin, 23 N.Y.S. 2d 730, it is held:

"A judgment creditor's motion for appointment of receiver for property of judgment debtor should be denied where evidence disclosed no property of defendant subject to receivership."

33 C.J.S. 709 states a rule that a receiver will not be appointed merely to enable the judgment creditor to harass the judgment debtor without likelihood of benefit to the creditor.

Reversed.

GIBSON, C.J., HURST, V.C.J., and OSBORN, WELCH, DAVISON, and ARNOLD, JJ., concur.